IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FRANCISCO RESENDIZ HERRERA,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV513-072

T. JOHNS; NEIL FISHER; FNUK
BYERS; FNUK LLOYD; and ALL
EMPLOYEES AT DRJCF,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Stewart Detention Center in Lumpkin, Georgia, filed an action contesting conditions of his confinement while housed at D. Ray James Correctional Institution ("DRJ") in Folkston, Georgia. Plaintiff has named as Defendants individuals who are employed by a private corporation (The GEO Group, Inc.) which contracts with the federal government to house individuals convicted of violations of federal law.[1] Plaintiff's Complaint is more appropriately brought under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983. See Bivens, 403 U.S. at 392 (to maintain a Bivens action, there must be a showing that the defendant acted under color of federal law, i.e., engaged in federal action); Charlot v. Corr. Corp. of Amer., No. 310-80, 2011 WL 1498875, at *1, n.2 (S.D. Ga. Mar. 25,

---

[1] http://www.geogroup.com/, visited Oct. 24, 2013.

AO 72A
(Rev. 8/82)

2011) (the authority to maintain custody of federal prisoners is one created by federal law and reserved solely to the federal government). Thus, Plaintiff's Complaint is construed as being brought pursuant to Bivens.

A prisoner proceeding in a civil action must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

AO 72A
(Rev. 8/82)

Plaintiff alleges that he fell and injured his ankle while working in the DRJ kitchen area in April 2012. Plaintiff contends that Officer Lloyd, who was the officer in charge, did not allow him to proceed to medical services immediately. Plaintiff asserts that he visited medical services the following day but he was told to return the next day during sick call. Plaintiff alleges that he has been deprived of health care services and requests an award of damages along with the appropriate treatment for his ankle. Plaintiff avers that he has exhausted the grievance procedures at DRJ. Plaintiff submitted copies of medical records and the denied formal and informal grievances he filed requesting medical treatment for his ankle. Plaintiff names T. Johns, warden of DRJ; Neil Fisher, doctor at DRJ; "Mrs. Byers", "med. adm. Dept." at DRJ; "Mr. Lloyd", officer at DRJ; and "all employees of DRJ" as Defendants. (Doc. No. 1, p. 4). Plaintiff seeks relief against the Defendants in both their individual and official capacities.

The United State Supreme Court has held that a federal prisoner cannot bring a Bivens claim against employees of a privately operated federal prison when state law authorizes adequate alternative damages actions.[2] Minneci v. Pollard, ___ U.S. ___, 132 S. Ct. 617 (Jan. 10, 2012). The Court stated that "in the case of a privately employed defendant, state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." Id. at ___, 132 S. Ct. at 623 (quoting Wilkie v. Robbins, 551 U.S. 537, 559 (2007) (declining to extend Bivens liability to allow a landowner to pursue a private action against employees of the Bureau of Land Development).

---

[2] It should be noted that in the Eleventh Circuit such a claim has been foreclosed since 2008. See Alba v. Montford, 517 F.3d 1249 (11th Cir. 2008) (declining to extend Bivens to cover a claim for deliberate indifference to medical needs against Corrections Corporation of America, a private facility under contract with the Bureau of Prisons, and its employees).

D. Ray James Correctional Institution is a private entity that operates under a contract with the Bureau of Prisons. The employees of D. Ray James are employees of The GEO Group, Inc., a private entity. Like the plaintiffs in Minneci and Alba, so long as Plaintiff has adequate state law remedies available to him, he may not maintain a cause of action pursuant to Bivens against The GEO Group, Inc., or its employees because The GEO Group, Inc., and its employees are private parties. Plaintiff may pursue damages claims against Defendants in state court.[3] Consequently, Plaintiff cannot bring a Bivens action against the named Defendants.

## CONCLUSION

For the reasons stated above, Plaintiff's should be **DISMISSED** for failure to state a claim upon which relief can be granted.

**SO REPORTED** and **RECOMMENDED**, this 30th day of October, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court offers no opinion as to the efficacy of such a pursuit.